

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN , 11

GROVER SELLERS

ATTORNEY GENERAL

Honorable Fred V. Meredith
County Attorney
Kaufman County
Kaufman, Texas

Dear Sir:

Opinion No. O-6650
Re: When is the proper time for the
commissioners court to give the
county attorney the "written notice"
to file delinquent tax suits as
provided in Article 7335?
And related questions.

You have presented to this department the following
questions upon which you request our opinion:

1. When is the proper time for the commissioners
court to give the county attorney the "written notice" to file
delinquent tax suits? Can that notice be given before or
should it be after the tax collector mails out the written
notices to delinquent taxpayers as provided in Article 7324?

2. Does the county attorney have the option of
accepting or rejecting the task of filing suits for collection
of delinquent taxes? Could a county attorney be subject to a
mandamus proceeding to file such suits for the collection of
delinquent taxes.

3. Could any additional compensation or fee be
allowed to a county attorney on a salary basis for filing
and prosecuting suits for the collection of delinquent taxes.

Article 7324, V. A. C. S., provides in part:

"During the month of July each year, or as soon
thereafter as practicable, the collector of taxes in
each county of this State shall mail to the tax roll
address of each owner of any lands or lots situated in
the county a notice showing the amount of taxes delin-
quent or past due and unpaid against all such lands and
lots as shown by the delinquent tax record of the county
on file in the office of the tax collector, a duplicate of

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

which shall also have been filed in the office of the Comptroller of the State and approved by such office, but failure to send or receive such notice shall be no defense to a suit brought for taxes. Such notice shall also contain a brief description of the lands and lots appearing delinquent and the various sums or amounts due against such lands and lots for each year as they appear to be delinquent, according to such records, and it shall also recite that unless the owner of such lots or land described therein shall pay to the tax collector the amount of taxes, interest, penalties and costs set forth in such notice within thirty days from the date of notice, that the county or district attorney will institute suits for the collection of such moneys and for the foreclosure of the constitutional lien against such land and lots... Each tax collector, as soon after mailing such notice as practicable, shall furnish to the County or District Attorney duplicates of all such notices mailed to the taxpayers in accordance with the provisions of this law, . . ."

Article 7326, V. A. C. S., provides in part:

"Whenever any taxes on real estate have become delinquent it shall be the duty of the county attorney upon the expiration of the thirty days notice provided for in the two preceding articles or as soon thereafter as practicable, to file suit in the name of the State of Texas in the district court of the county where such real estate is situated, for the total amount of taxes, interest, penalty and costs that have remained unpaid for all years since the thirty-first day of December, 1908, with interest computed thereon to the time fixed for the trial thereof at the rate of six per cent per annum, and shall pray for judgment for the payment of the several amounts so specified therein and shown to be due and unpaid by the delinquent tax records of said county. . . ."

Article 7332, V. A. C. S., provides in part:

"The County or District Attorney shall represent the State and County in all suits against delinquent taxpayers, and all sums collected shall be paid over immediately to the County Collector."

Article 7335, V. A. C. S., in part provides:

"Whenever the commissioners court of any county after thirty days written notice to the county attorney or district attorney to file delinquent tax suits and his failure to do so, shall deem it necessary or expedient, said court may contract with any competent attorney to enforce or assist in the enforcement of the collection of any delinquent State and county taxes for a per cent on the taxes, penalty and interest actually collected, . . ."

We are of the opinion that the written notices mentioned in Article 7324 do not have any relation whatsoever to the time when the commissioners' court may notify the county attorney to file delinquent tax suits, as provided in Article 7335. The mailing of these notices by the tax collector to the delinquent taxpayers, as provided in Article 7324, is not a prerequisite and has no connection with the filing of suits for the collection of such delinquent taxes by the county attorney. Lindsay v. State, 25 S. W. (2d) 1113, affirmed, 44 S. W. (2d) 935. Furthermore, Article 7335 does not mention that this request by the commissioners court of the county attorney to file suits is for delinquent taxes for any particular year or with reference to any particular notice received by the county attorney. As long as there are delinquent taxes due the State and county, the commissioners court can at any time request the county attorney to file suits for the collection of such delinquent taxes.

As shown by Articles 7326 and 7332, it is the duty of the county attorney to file suit for the collection of delinquent taxes. This is further brought forth in the case of Slimp v. Wise, 96 S. W. (2d) 537, as follows:

"It is the duty of the county attorney of each county to file suits to enforce the payment of delinquent taxes, upon request of the commissioners' court, and he, along with all other officers whose duty it is to file and prosecute such suits for the use and benefit of the county and state, are subject to criminal prosecution if they fail and refuse to perform that duty. . . ."

Up to 1923 the county attorney or the district attorney, as the case may have been, was the only person authorized to file suit for the collection of delinquent taxes. In 1923 the Legislature enacted into law what is now codified as Article 7335, which in substance holds that if the county attorney refuses the request of the commissioners court to file suits for the collection of delinquent taxes, the court if it deems it expedient and necessary, may contract with a competent attorney to enforce or assist in the enforcement of the collection of delinquent taxes. We call attention to the fact that the commissioners court is not required to hire another person to effect collection of these taxes, but may if it deems the same to be expedient and necessary. It is still the duty of the county attorney to collect such taxes and the commissioners court can insist that the county attorney perform this act. Since the filing of suits for the collection of delinquent taxes are "ministerial acts" of the county attorney, a mandamus will lie to require him to file such suits.

You have informed us that your county is on the salary basis, therefore your compensation is that provided in Article 3912e, V. A. C. S. As heretofore stated, the filing of these suits is a duty incumbent upon the office of county attorney. It is not added work upon this office. In counties on the fee basis, the fees provided county attorneys for the collection of delinquent taxes are treated as fees of office and are accounted for as such. See Article 7332. In counties on a salary basis, the fees provided county attorneys for the collection of delinquent taxes go into the Officers' Salary Fund. Therefore, a county attorney who does collect delinquent taxes is not entitled to any additional compensation therefor.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By _W. V. Geppert_

W. V. Geppert (S)
Assistant

WVG:amm:bg

APPROVED JUL 28 1945

APPROVED OPINION COMMITTEE BY BWB CHAIRMAN